# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**                              **CRIMINAL ACTION NO. 3:12-CR-33**
                                         **(JUDGE GROH)**

**DARNELL KEITH CAREY,**

    Defendant.

## ORDER DENYING MOTION FOR SENTENCING TRANSCRIPT

On December 17, 2013, the *pro se* Defendant, Darnell Carey, filed a letter requesting a copy of his sentencing transcript [Doc. 90]. The letter does not state a reason for this request. The Court construes the Defendant's letter as a motion because he is specifically seeking copies of documents without paying a fee for their production.

28 U.S.C. § 753(f) provides, in pertinent part:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes.

It is well settled that a federal prisoner is not entitled to copies of court records at government expense, without a showing of need, merely to search the record for possible error. United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963). The Fourth Circuit Court of Appeals has held that a Defendant seeking free access to transcripts because "he plans to raise claims of prosecutorial misconduct and ineffective assistance of counsel in a habeas proceeding filed pursuant to 28 U.S.C. § 2255" did not demonstrate an adequate

need for the transcripts by merely providing the type of claims he planned to present in his habeas motion.  United States v. Brown, 36 Fed. Appx. 519 (4th Cir. 2002).

Upon review of this motion, this Court finds that Defendant has not presented an adequate need for the requested sentencing transcript.  He has not asserted any particular need or rationale for his request.  Accordingly, the Court **DENIES WITHOUT PREJUDICE** Defendant's motion for his sentencing transcript.

If Defendant would like a copy of the sentencing transcript, he must pay the proper fees to the court reporter.  The Court **DIRECTS** the Clerk to forward a copy of this Order and Defendant's request to the court reporter who shall advise Defendant of the cost of the transcript and the process to obtain it.  Then, Defendant must remit the proper amount to the court reporter to acquire a copy of the transcript.

Defendant also requested copies of his docket sheet and judgment and commitment order.  The Clerk of Court has provided Defendant with copies of the requested documents by providing copies to the Warden at FCI Cumberland.  Accordingly, there are no additional issues for this Court to address.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** December 19, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE